Wayne A. Lamb - Law
Wayne Lamb
Wayne A. Lamb - Law
183B High St NE
Salem, Oregon 97301
Telephone: 5038772227
Email: wayne@wlamblaw.com

Attorneys for Plaintiff

UNITED STATED DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| Russell Wayne Deviney,<br><br>       Plaintiff(s),<br><br>   vs.<br><br>ODOC; OSCI; JEREMY WAGNER, Superintendent;  DR. WARREN ROBERTS, Chief of Medicine; and JOE BUGHER, the Assistant Director of Health Services; and other OSCI unnamed medical personnel<br><br>       Defendant(s). | Case No.<br><br>**COMPLAINT**<br><br>8th Amendment Deliberate Indifference to Medical Needs<br><br>42 U.S.C. § 1983<br><br><br>*(Damages request for $4,562,500 exceeding $10,000 and not subject to mandatory arbitration)*<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT WITH JURY TRIAL DEMANDED

   Now comes Plaintiff Russell Wayne Deviney, SID # 21164587, Plaintiff, by and through his attorney, Wayne Lamb, brings this Complaint for relief pursuant to 42 U.S.C. § 1983 and alleges as follows:

I. SUMMARY OF ACTION

   1.   Plaintiff Russell Wayne Deviney, an inmate at Oregon State Correctional Institution (OSCI), in CITY, Oregon, brings this civil rights action under 42 U.S.C. §1983 to obtain relief for violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution by Defendants' deliberate indifference to his serious

PAGE 1 OF 7     COMPLAINT

**WAYNE A. LAMB LAW, LLC**
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL LAW

medical condition. Defendants denied and delayed Russell Wayne Deviney's access to proper medical care, resulting in Russell Wayne Deviney's pain and suffering

## JURISDICTION AND VENUE

2. 5. Subject matter jurisdiction is proper under 28 U.S.C. §1331 as a matter arising under 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution and under 28 U.S.C. §1343 as a civil action authorized by law to redress the deprivation of Russell Wayne Deviney's rights under color of state law.

3. Venue is proper under 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in this district.

4. This Court has authority pursuant to 42 U.S.C §1983 to award appropriate actual, consequential, compensatory and punitive damages and has authority pursuant to 42 U.S.C. §1988 to award attorneys' fees and costs to successful civil rights plaintiffs.

5. Russell Wayne Deviney, through adherence to the proper grievance procedures, has exhausted all administrative remedies available to him prior to bringing this action within the meaning of the Prison Litigation Reform Act, 42 U.S.C §1997(e)(a).

## II. PARTIES

6. ***Plaintiff, Russell Wayne Deviney***, SID #10947580, is an individual who resides in the State of Oregon. Plaintiff is an Adult in Custody ("AIC") currently in the custody of the Oregon Department of Corrections ("ODOC") at the Two Rivers Correctional Institution ("TRCI").

7. **Defendant, Oregon Department of Corrections (ODOC)** is an administrative agency of the State of Oregon. Defendant was acting at all relevant times in the scope of its administrative capacity and under color of Oregon State law.

8. ***Defendant OSCI***, located at 3405 Deer Park Dr SE, Salem, OR 97310, is a facility operated and funded by ODOC, an administrative agency of the State of

PAGE 2 OF 7     COMPLAINT

WAYNE A. LAMB LAW, LLC
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL LAW

Oregon. OSP was acting at all relevant times in the scope of its administrative capacity and under color of Oregon State law.

9. **Defendant Jeremy Wagner, Superintendent of OSCI** is, on information and belief, an individual residing in the State of Oregon. Defendant OSCI was acting at all relevant times in the scope of his employment and under color of Oregon State law as a supervising employee of the ODOC He is named in his individual (personal) capacity.

10. **Dr. Warren Roberts, Chief of Medicine** is, on information and belief, an individual residing in the State of Oregon. Defendant OSCI was acting at all relevant times in the scope of his employment and under color of Oregon State law as a supervising employee of the ODOC He is named in his individual (personal) capacity.

11. **Joe Bugher, the Assistant Director of Health Services,** is, on information and belief, an individual residing in the State of Oregon. Defendant OSCI was acting at all relevant times in the scope of his employment and under color of Oregon State law as a supervising employee of the ODOC He is named in his individual (personal) capacity.

12. The Unnamed staff (primary doctor) is a doctor employed by ODOC and is sued in his/her individual capacity. He/She, as of the date of the stroke, had been employed as medical personnel at ODOC at relevant times. At all times relevant, the medical doctor was acting under color of state law. This person to be identified in discovery.

13. The Unnamed staff (primary nurse(s)) is a nurse employed by ODOC and is sued in his/her individual capacity. He/She, as of the date of the stroke, had been employed as medical personnel at ODOC at relevant times. At all times relevant, the medical nurse acted under color of state law. This person to be identified in discovery.

IV. STATEMENT OF FACTS

PAGE 3 OF 7    COMPLAINT

WAYNE A. LAMB LAW, LLC
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL LAW

14. Russell Wayne Deviney, a former software engineer, suffered a major stroke on November 13, 2023.

15. Mr. Deviney is an inmate at the Oregon State Correctional Institute (OSCI).

16. Plaintiff alleges significant medical indifference by the Department of Corrections (DOC) during and after his stroke.

17. As a result to the delay in treatment and emergency care, Mr. Deviney has severe and permanent damage.

18. The Defendant(s) waited ten (10) days to provide emergency medical treatment.

19. The delay resulted in right-side paralysis, wheelchair-dependency, mobility issues, speech impairment, and other complications.

20. Mr. Deviney has since suffered six additional strokes as a result of the failure to timely address the first stroke.

21. Mr. Deviney is constantly frustrated with the ODOC's ineffective rehabilitation;

22. Mr. Deviney is constantly frustrated with the ODOC's failure to provide recommended medical equipment.

23. The acts of the Defendant(s) have drastically reduced Mr. Deviney's quality of life and life expectancy.

24. Plaintiff's Eighth Amendment right was unconstitutionally violated when Defendants knowingly and with deliberate indifference repeatedly rejected Russell Wayne Deviney's please for appropriate medical attention.

## CLAIM 1:

## 42 U.S.C. § 1983

### (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

**(Defendants name, name, and name)**

PAGE 4 OF 7    COMPLAINT

WAYNE A. LAMB LAW, LLC
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL
LAW

25. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 23 above.

26. Defendants acted under the color of state law in treating Plaintiff.

27. The above-described actions of Defendants were undertaken with deliberate indifference to Plaintiff's serious medical needs, when, Defendant appeared with stroke symptoms and was not sent for emergency medical care and observation.

28. The above-described actions of Defendants were undertaken with deliberate indifference to Plaintiff's serious medical needs, by failing to provide Defendant with adequate rehabilitation.

29. The above-described actions of Defendants were undertaken with deliberate indifference to Plaintiff's serious medical needs, by failing to provide recommended medical equipment.

30. Defendants acted with deliberate indifference to Plaintiff's condition, and failed to promptly refer him to an appropriate emergency medical doctor to evaluate his condition, treat his condition, provide corrective care, or prescribe appropriate treatment.

31. The failures of the Defendant caused lasting harm, as follows:

32. The delay resulted in right-side paralysis

33. The delay resulted in wheelchair-dependency

34. The delay resulted in mobility issues

35. The delay resulted in speech impairment

36. The delay resulted in other complications.

37. The delay resulted in the need for wheelchair-dependency, which have not been adequately performed, exacerbating Plaintiff's struggle, pain, discomfort, self-doubt, and mental pain and suffering.

WAYNE A. LAMB LAW, LLC
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL LAW

38.     The delay has amplified Mr. Deviney's chance of suffering more strokes, and since the failure, Mr. Deviney has, in fact, suffered six additional strokes as a result of the failure to timely address the first stroke.

39.     The delay resulted in the need for Mr. Deviney to engage in rehabilitation, which has been consistently substandard, has not been adequately performed, exacerbating Plaintiff's struggle, pain, discomfort, self-doubt, and mental pain and suffering, and the time of any incremental recovery that Plaintiff may have had.

40.     The delay resulted in the need for Mr. Deviney to required medical equipment recommendations; Recommendations leading to a legal duty by the facility and that have not been adequately performed, exacerbating Plaintiff's struggle, pain, discomfort, self-doubt, and mental pain and suffering.

41.     The acts of the Defendant(s) have drastically reduced Mr. Deviney's quality of life and life expectancy.

42.     Plaintiff seeks monetary compensation for each of the harms caused by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in his favor and against Defendants on all claims of this Complaint and award the following relief:

A. For the denial of medications required to manage Plaintiff's symptoms, deliberate indifference and lack of due process, Plaintiff requests compensation of $1000 per day, commencing from November 13, 2023 and continuing through to the date of judgment, for each day over the next 10 years of life, $500 per day for loss of life expectancy, in additional to any other compensatory and punitive damages in an amount to be proven at trial;

B. An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and 28 U.S.C. § 1920;

PAGE 6 OF 7     COMPLAINT

WAYNE A. LAMB LAW, LLC
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL LAW

C. Any prejudgment and post judgment interest, fees, and costs, which may be applicable, and

D. Such other and further relief as this Court deems just and proper.

DATED: Saturday, November 15, 2025.    **WAYNE A LAMB – LAW, LLC**

/s/ Wayne Lamb
Wayne Lamb, OSB#211908
wayne@wlamblaw.com
Of Attorneys for Plaintiff

PAGE 7 OF 7    COMPLAINT

**WAYNE A. LAMB LAW, LLC**
183B High St NE
Salem, OR 97301
Telephone: 503-877-2227
Email: wayne@wlamblaw.com

WL
L A W